UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LAS VEGAS COFFEE INVESTORS,
LLC, a Nevada limited liability company,

Plaintiff,

v.

J.W. LOGISTICS OPERATIONS, LLC, a
Texas limited liability company,

Defendant.

Case No. 2:26-cv-00596-JCM-NJK

**ORDER**

Presently before the court is plaintiff Las Vegas Coffee Investors, LLC's motion for default judgment. (ECF No. 12). After considering the papers, the court DENIES WITHOUT PREJUDICE plaintiff's motion for default judgment.

**I.    Background**

This is a Carmack Amendment case brought by plaintiff against defendant J.W. Logistics Operations, LLC for the loss of two interstate freight shipments.

On October 8, 2024, plaintiff's shipper tendered to J.W. Logistics a shipment of Coffee Bean & Tea Leaf merchandise for interstate transport from Los Angeles, California, to thirteen retail locations in Las Vegas and Henderson, Nevada (the "Load A Shipment"). Defendant accepted the Load A Shipment and acknowledged receipt in good order and condition but then failed to deliver it to the designated consignees. Plaintiff claims that the total value of the cargo lost was $48,432.50. Because plaintiff withheld $27,105.55 in outstanding freight charges as a partial offset, it claims a net loss of $21,326.95 on the Load A Shipment.

On January 28, 2025, plaintiff's shipper tender to defendant a second shipment of Coffee Bean & Tea Leaf merchandise for interstate transport—this time to twelve retailers in Las Vegas and Henderson ("the Load B Shipment"). Once again, J.W. Logistics accepted the shipment but failed to make any deliveries. Plaintiff values the lost cargo at $42,255.59, none of which has been compensated by J.W. Logistics.

1

Prior to initiating suit, plaintiff states that it timely filed written claims with J.W. Logistics for the shipments pursuant to 49 U.S.C. 14706(e).  According to plaintiff, the claims were received, acknowledged, and investigated by J.W. Logistics, but were not paid in full.

Plaintiff brought this action on March 3, 2026, and served defendant on March 9, 2026.  (ECF Nos. 1, 5).  Defendant failed to appear or respond, and the clerk entered default on May 20, 2026.  (ECF No. 9).  Plaintiff moved for entry of default judgment, which the court denied as non-compliant with the local rules.  (ECF No. 11).  Plaintiff promptly refiled a compliant motion which is now before the court.  (ECF No. 12).

**II.    Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a party to move for default judgment after the entry of default by the clerk under Rule 55(a).  Upon entry of default, the factual allegations of the complaint will be taken as true—except those relating to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).  Even at the default judgment stage, plaintiffs carry the burden to prove any damages that they seek.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see Thorndike Props. v. Harkins*, No. 2:16-cv-02488, 2017 U.S. Dist. LEXIS 128295, at *1 (D. Nev. Aug. 4, 2017).

**III.    Discussion**

The only evidence of the amount of damages for the undelivered shipments provided by plaintiff is a declaration from its own attorney.  (ECF No. 12-2).  This is insufficient to satisfy plaintiff's burden to prove the damages that it seeks.

Considering that plaintiff's claimed $63,582.54 in damages[1] would be entered without a merits decision and without defendant's presence, the court finds it prudent to require plaintiff to submit additional evidence of damages.  In fact, it is not unreasonable to assume that plaintiff has additional evidence in its possession, considering that it claims that the damages are "specifically documented by the bills of lading and franchisor invoice records."  (ECF No. 12-1 at 4).

---

[1]    Not inclusive of court costs or prejudgment interest.

2

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that a ruling on plaintiff Las Vegas Coffee Investor, LLC's motion for default judgment (ECF No. 12) be, and the same hereby is, DENIED WITHOUT PREJUDICE.  Plaintiff shall have fourteen (14) days from the date of this order to refile the motion with additional evidence of damages in accordance with the foregoing.

Dated this 10th day of July, 2026.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

3