UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

LAS VEGAS COFFEE INVESTORS, LLC, a Nevada limited liability company,

Plaintiff,

v.

J.W. LOGISTICS OPERATIONS, LLC, a Texas limited liability company,

Defendant.

Case No. 2:26-cv-00596-JCM-NJK

**ORDER**

Presently before the court is plaintiff Las Vegas Coffee Investors, LLC's ("Las Vegas Coffee") motion for default judgment. (ECF No. 14). After reviewing the papers, the court GRANTS plaintiff's motion for default judgment.

## I. Background

Las Vegas Coffee brought this Carmack Amendment case against defendant J.W. Logistics Operations, LLC for the loss of two interstate freight shipments. The court reiterates the following from its July 10, 2026 Order on Default Judgment:

On October 8, 2024, Las Vegas Coffee's shipper tendered to J.W. Logistics a shipment of Coffee Bean & Tea Leaf merchandise for interstate transport from Los Angeles, California to thirteen retail locations in Las Vegas and Henderson Nevada (the "Load A Shipment"). J.W. Logistics accepted the Load A Shipment and acknowledged receipt in good order and condition but then failed to deliver it to the designated consignees. Las Vegas Coffee claims that the total value of the cargo lost was $48,432.50. Because Las Vegas Coffee withheld $27,105.55 in outstanding freight charges as a partial offset, it considers a net loss of $21,326.95 on the Load A Shipment.

On January 28, 2025, Las Vegas Coffee's shipper tendered to J.W. Logistics a second shipment of Coffee Bean & Tea Leaf Merchandise for interstate transport—this time to twelve retailers in Las Vegas and Henderson ("the Load B Shipment"). Once again, J.W. Logistics accepted

the shipment but failed to make any deliveries. Las Vegas Coffee values the lost cargo at $42,255.59, none of which has been compensated by J.W. Logistics.

Prior to initiating suit, Las Vegas Coffee states that it timely filed written claims with J.W. Logistics for the shipments pursuant to 49 U.S.C. § 14706(e). According to Las Vegas Coffee, the claims were received, acknowledged, and investigated by J.W. Logistics, but were not paid in full.

Las Vegas Coffee brought this action on March 3, 2026, and served J.W. Logistics on March 9, 2026. (ECF Nos. 1, 5). J.W. Logistics failed to appear or respond, and the clerk entered default on May 20, 2026. (ECF No. 9). Las Vegas Coffee has since filed for entry of default judgment and been denied without prejudice twice: first for non-compliance with the local rules, and second for insufficient evidence of damages. (ECF Nos. 11, 13). The latest iteration of the motion for default judgment is now before the court. (ECF No. 14).

## II. Legal Standard

To obtain default judgment a party must follow a two-step process governed by Federal Rule of Civil Procedure 55. *See Eitel v. McCool*, 782 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The choice of whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). *Eitel v. McCool* laid out the following factors that a district court might consider when exercising its discretion as to the entry of default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of a plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d 1470, 1471–72 (9th Cir. 1896).

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). Entry of a default judgment for money is appropriate without a hearing if "the amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## III. Discussion

### A. *Eitel* Factors

The *Eitel* factors weigh in favor of granting default judgment.

#### 1. *Likelihood of Prejudice*

When a defendant refuses to appear and defend the claims against it, this non-appearance "prejudices the party's ability to pursue its claims on the merits and seek recovery of damages." *SEC v. Tassev*, No. 2:24-CV-1120, 2026 U.S. Dist. LEXIS 109078, at *4 (D. Nev. May 15, 2026) (quoting *Servfaces Gmbh v. Truong*, No. 2:19-cv-1906, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020) (cleaned up)). J.W. Logistics has not appeared in this case, so Las Vegas Coffee has no avenue to recover its losses unless this court enters default judgment.

#### 2. *Merits and Sufficiency of the Complaint*

"The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a)." *Nike, Inc. v. Fujian Jialaimeng Shoes Co.*, No. 2:17-cv-516, 2019 U.S. Dist. 55583, at *5 (D. Nev. Mar. 6, 2019) (citing *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

Las Vegas Coffee brings its claims under the Carmack Amendment, 49 U.S.C. § 14706, which imposes liability on motor carriers for the actual loss or injury to property transported in interstate commerce. To establish a prima facie case under the Carmack Amendment, plaintiff must allege: (1) delivery of the goods to the carrier in good condition; (2) arrival in damaged condition or

failure to deliver; and (3) the amount of damages. *Missouri Pac. R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964).

The complaint satisfies these elements. First, Las Vegas Coffee alleges that "J.W. Logistics acknowledge receipt of" both shipments "in good order and condition, as evidenced by the carrier signature and pickup date…appearing on each bill of lading." (ECF No. 1 ¶¶ 10, 17). Las Vegas Coffee further alleges that J.W. Logistics failed to deliver either shipment to any of the designated consignees. (*Id.* ¶¶ 11, 19). Finally, Las Vegas Coffee alleges that because of the failed delivery, it has suffered damages in the amount of its lost cargo, less any outstanding freight payments that it withheld to offset the loss. (*Id.* ¶¶ 14, 23).

Las Vegas Coffee also contends that there are no contractual defenses available to J.W. Logistics that would exclude Las Vegas Coffee from relief. There is allegedly no limitation on liability in the contracts, nor is there declared or released value stated in the bills of lading. *See* (ECF No. 1 ¶¶ 13, 22). Additionally, the losses did not result from an act of God, public enemy, act of the shipper, public authority, or the inherent vice or nature of the goods. (*Id.*). Las Vegas Coffee alleges, rather, that the loss was a direct result of JW Logistics' operational failures. (*Id.*)

Considering the foregoing, the second and third *Eitel* favors weigh in favor of entry of default judgment.

*3. Sum of Money at Stake in the Action*

Default judgment is warranted if the money at stake in the action is proportionate to the seriousness of the conduct. *Servfaces Gmbh v. Truong*, 2020 U.S. Dist. LEXIS 28692, at *6 (D. Nev. Feb. 20, 2020). Las Vegas Coffee claims $63,582.54 in damages based on the actual cargo losses sustained from J.W. Logistics' failure to deliver the shipments.

The Carmack Amendment is a strict liability statute. *See Pacific Indem. Co. v. Atlas Van Lins, Inc.*, 642 F.3d 702, 711 (9th Cir. 2011). Thus, by its nature, awarding actual cargo losses resulting from J.W. Logistics' failed delivery is proportionate and warranted.

*4. Possibility of Dispute Concerning Material Facts*

The fifth *Eitel* factor weighs against default judgment where there is a possibility of dispute about material facts. 782 F.2d at 1471–72. "Because this court takes all allegations in a well-pleaded

complaint as true after the clerk enters default, there is no likelihood that any genuine issue of material fact exists" here. *See Nike*, 2019 U.S. Dist. 55583, at *9. Thus, this factor weighs in favor of default judgment.

*5. Default Not Due to Excusable Neglect*

The sixth *Eitel* factor favors default judgment if "the defendant has been properly served or plaintiff shows that defendant is aware of the lawsuit and failed to answer." *Thriven Fin. v. Bloomquist*, 2:17-cv-1555, 2018 U.S. Dist. LEXIS 111659, at *9 (D. Nev. July 3, 2018) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

J.W. Logistics was properly served, is aware of this lawsuit, and yet has not appeared in this case. J.W. Logistics was properly served through its registered agent in Nevada on March 9, 2026. (ECF No. 5). Even before filing, J.W. Logistics was "plainly aware of the dispute" as it was "previously engaged in claim communications with [p]laintiff." (ECF No. 14 at 4).

For these reasons, there is no reason for this court to conclude that the failure to respond was the result of excusable neglect, and this factor weighs in favor of granting default judgment.

*6. Policy Favoring Decisions on the Merits*

Courts strongly favor deciding cases on the merits. However, where a defendant fails to appear or respond, such a decision is not possible. "Denying default judgment on this factor in this context would preclude default judgment whenever a defendant fails entirely to participate in a lawsuit." *Car-Freshner Corp. v. Victory-2000 EOOD*, No. 2:14-cv-1471, 2016 U.S. Dist. LEXIS 173663, at *24 (D. Nev. Dec. 14, 2016). Thus, this factor does not weigh against Las Vegas Coffee.

Because all seven *Eitel* factors weigh in plaintiff's favor, the court grants default judgment in favor of Las Vegas Coffee and against J.W. Logistics.

B. Damages

Next, the court considers the appropriate damages to grant Las Vegas Coffee. The plaintiff carries the burden to establish damages, even in a default judgment. *TeleVideo Sys.*, 826 F.2d at 917–18. As damages, Las Vegas Coffee seek its cargo losses from the Loads A and B Shipments, less the payment it has withheld from J.W. Logistics to offset the claimed damages.

In its previous order, the court found that plaintiff failed to meet its burden to establish these damages because the only evidence provided by plaintiff in support was a declaration from its own attorney. After reviewing the additional evidence submitted with the instant motion—that is, the bills of lading and franchisor invoices from the Loads A and B Shipments—the court finds that plaintiff has met its burden to establish the claimed $63,582.54 loss. *See* (ECF No. 14-2). The court further finds that this claimed relief is appropriate and finds no need for a downward adjustment.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Las Vegas Coffee Investor, LLC's motion for default judgment (ECF No. 12) be, and the same hereby is, GRANTED.

The following judgment is entered in favor of plaintiff and against defendant:

1. Damages of $21,326.95 on the First Cause of Action (Load A cargo loss, net of freight charge offset);

2. Damages of $42,255.59 on the Second Cause of Action (Load B cargo loss);

[*Total damages of $63,582.54*]

3. Recoverable costs of $465.00, consisting of the $405.00 court filing fee and $60.00 in process server fees; and

4. Prejudgment interest at the applicable federal rate from October 8, 2024 on the Load A damages and from January 28, 2025 on the Load B damages, in amounts to be determined by the clerk of court.

Dated this 23rd day of July, 2026.

James C. Mahan

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE